## JOSEPH DINET

### *v.*

### CHRISTIAN EIGENMANN, Admr. *et al.*

*Filed at Ottawa June 16, 1880—Rehearing denied September 17, 1880.*

1. JURISDICTION—*Recorder's Court—estoppel to deny.* Where, after the destruction of the records of the Recorder's Court of Chicago, the parties to a suit appeared in that court, and by agreement and an order of court, restored the record of the suit as unfinished business of that court, it having acquired jurisdiction before the adoption of the new constitution, and judgment was rendered in the case against the defendant, it was held, that the defendant, by treating the case as unfinished business and consenting to a trial of the case on its merits, would not be allowed to say it was not unfinished business in that court at the adoption of the constitution by showing that the venue had been changed to some other court.

2. RECORD—*can not be overcome by recitals in abstracts of title.* Where the records of a court were restored after their destruction, it was held, that the record as thus restored could not be supplied or overcome by a memorandum in an abstract of title, showing that the venue had been changed to some other court before the records were restored.

3. CHANCERY—*relief against judgment.* A bill in chancery to set aside a judgment at law alleged that the complainant took no part at the trial, because his attorney of record was at that time engaged in professional business at another court, and that the attorney for the plaintiff in the suit at law fraudulently presented but a part of the record upon which the judgment was recovered. The charge of fraud was general, and the alleged defect in the presentation of the record was not shown to have done any wrong to the complainant: *Held,* that the bill failed to show any equitable grounds for relief.

APPEAL from the Appellate Court for the First District; the Hon. THEODORE D. MURPHY, presiding Justice, and the Hon. GEORGE W. PLEASANTS and Hon. JOSEPH M. BAILEY, Justices,—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Mr. HENRY BINMORE, for the appellant.

Mr. JOSEPH PFIRSHING, for the appellees.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

The judgment of the Appellate Court affirming the decree of the circuit court must be affirmed. This is a bill by appellant, asking that a judgment at law in the Superior Court of Cook county be set aside, and then that a decree of the Criminal Court of Cook county, on which that judgment was recovered, be also set aside.

It seems that in January, 1870, the wife of appellant filed a bill against him for a divorce in the Recorder's Court of Chicago. That court, under the constitution of 1870, was continued under the name of the Criminal Court of Cook county, with its jurisdiction so changed as to exclude such proceedings as this, but with a provision authorizing that court to dispose of unfinished business pending therein. This case was taken up in that court as unfinished business, and in 1871 the parties had a trial upon the merits, and a verdict rendered against appellant, and a motion was made for a new trial. In this state of affairs the records of the court were destroyed by the great fire of October, 1871. Afterwards, the parties appeared in that court, and, by agreement and an order of the court, restored the record by filing supposed copies of the papers. The cause was taken up at the stage of proceedings before the fire, the motion for a new trial was overruled, and a decree granting the divorce was entered, and afterwards, on a hearing, a decree was entered against appellant for a certain sum in lieu of alimony and dower.

After this, and some time in 1872, the complainant in that suit died intestate. In 1874 letters of administration were granted to appellee Eigenmann. An action at law was begun in the Superior Court of Cook county by this administrator, against appellant, to recover the sum awarded for alimony, as above stated. Defendant pleaded *nul tiel record,* and this issue was tried and a judgment rendered against appellant for the amount of that decree. A *fi. fa.* was issued, and afterwards an

*alias*, on which certain real estate was sold, from which $10,000 was credited upon the judgment. Afterwards, in February, 1878, a *pluries fi. fa.* was issued and levied upon certain personal property of appellant.

This is a bill in chancery, asking to restrain the sale of the personal property, to set aside the judgment at law and the sales of real estate, and to set aside the decree for alimony and the decree for divorce.

As a ground for setting aside the judgment at law, it is alleged appellant took no part at the trial, because his attorney of record was at that time engaged in professional business at another court, and the bill charges that the attorney for the plaintiff in his absence fraudulently presented but a part of the record in dispute. The charge of fraud is general, and the alleged defects in the presentation of the record are not shown to have done any wrong to the complainant. The main ground upon which the decree in the Criminal Court is attacked consists in the discovery of a memorandum in an abstract of title to certain real estate, made before the fire, in which a statement is found indicating that before the constitution took effect, the venue in the divorce proceedings had been changed to the circuit court.

Assuming this, appellant insists the case was not pending in the Recorder's Court when the constitution took effect, and therefore was not unfinished business, and hence the Criminal Court had no jurisdiction of the subject matter.

We do not think the basis for denying the jurisdiction is adequate. The parties by consent treated the case as "unfinished business." They tried the case on its merits as such. They ought not, under the circumstances, to be permitted to say it was not "unfinished business" pending in that court at the adoption of the constitution It may be that an order for change of venue was made and set aside by consent at the same term, and by consent neither order was ever entered of record. It may be the memorandum in the abstract was taken from minutes of the clerk, which were never entered of record. It

may be the maker of the abstract made the memorandum by mistake. It will not do to permit the records of a court to be thus modified, supplied or overcome.

The argument of counsel for appellant is very elaborate, but other official duties forbid that we follow him in all his suggestions.

*Decree affirmed.*