[Crim. No. 153.   Third Appellate District.—August 8, 1911.]

## THE PEOPLE, Respondent, v. ARNETT F. PERRY, Appellant.

CRIMINAL LAW—CONVICTION FOR OBTAINING MONEY BY FALSE PRETENSES—REVIEW UPON APPEAL—FAILURE TO FILE BRIEF OR TO ASSIGN ERROR.—Where the defendant was convicted of the crime of obtaining money by false pretenses, and no brief has been filed, and no assignments of error appear in any form, the appellate court is not required, in such case, to search the record for the purpose of determining whether the trial in the court below was conducted in all respects without prejudice to the substantial rights of the accused.

· Id.—Support of Verdict.—It is held that, upon a careful review of the stenographer's transcription of the testimony, there appears no reason for questioning its sufficiency to justify and support the verdict of conviction of the defendant of the alleged crime.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order denying a new trial. Geo. L. Jones, Judge.

The facts are stated in the opinion of the court.

Fred Searles, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, Deputy Attorney General, for Respondent.

HART, J.—The defendant was convicted of the crime of obtaining from one Ed. Arthur the sum of $500 by false and fraudulent representations and pretenses.

The appeal to this court is from the judgment and the order denying defendant's motion for a new trial.

No brief has been filed in behalf of the defendant, and, therefore, if there were errors made in the trial of the cause which would merit special consideration by this court, we have not been apprised of them.

This court is not required, in the absence of special assignments, in some form, of alleged error, to search the record for the purpose of determining whether the trial in the court below was in all respects conducted without prejudice to the substantial rights of the accused.

We have, however, taken the pains to carefully read the stenographer's transcription of the testimony, and we have from such investigation discovered no reason for questioning its sufficiency to justify and support the verdict.

The judgment and order are, accordingly, affirmed.

Burnett, J., and Chipman, P. J., concurred.