[Crim. No. 162. Third Appellate District.—November 4, 1911.]

THE PEOPLE, Respondent, v. JAMES TATE, Appellant.

CRIMINAL LAW—APPEAL NOT SHOWN—ABSENCE OF BRIEFS—WANT OF JURISDICTION—RECORD STRICKEN FROM FILES.—Where a criminal cause has been submitted to this court upon the record, without briefs, and there is no evidence in the record of any appeal having been taken from the judgment, or from any order denying a new trial, if such order was made, this court has acquired no jurisdiction to review the record, and it will be ordered stricken from the files.

ID.—FAILURE TO FILE BRIEF A GROUND FOR DISMISSAL.—If it be assumed that a valid appeal had been taken, the same would have to be dismissed for failure of the appellant to file a brief.

APPEAL from the Superior Court of San Joaquin County. C. W. Norton, Judge.

The facts are stated in the opinion of the court.

Charles de Legh, and Fred A. Copestake, for Appellant.

U. S. Webb, Attorney General, and J. Charles Jones, Deputy Attorney General, for Respondent.

HART, J.—This cause was on the October, 1911, calendar of this court and submitted on the record.

There is no evidence in the record of an appeal having been taken from the judgment or an order denying the defendant a new trial, if such an order was made. Obviously, therefore, this court has not acquired jurisdiction to review the record.

Moreover, there are no briefs filed in the cause, and, if an appeal had been taken, the same would have to be dismissed for a failure of appellant to file a brief, assuming that he would have omitted to do so had he taken an appeal either from the judgment or the order denying him a new trial, if a motion of that character was made and denied. (*People* v. *Perry,* 16 Cal. App. 771, [117 Pac. 1036].)

For the foregoing reasons, the record will have to be stricken from the files of the court, and it is so ordered.

Chipman, P. J., and Burnett, J., concurred.