[Crim. Nos. 171, 172.   Third Appellate District.—January 22, 1912.]

## THE PEOPLE, Respondent, v. CELESTINO MARIO, Appellant — No. 171. THE PEOPLE, Respondent, v. GUISEPPE MARIO, Appellant—No. 172.

CRIMINAL LAW—APPEAL—FAILURE OF APPELLANT TO FILE BRIEF—DISMISSAL.—Where the appellant in a criminal case fails to file a brief or any points and authorities as required by rule 4 of the supreme court, the appeal must be dismissed under rule 5 of that court.

ID.—REASON FOR RULE AS TO DISMISSAL.—The reason of the rule requiring a dismissal in such case is that the appeal presupposes a debatable ground therefor, and it is the duty of the appellant to point out the specific points upon which he seeks to support his appeal; and it is not contemplated that the reviewing court, unaided by the appellant, shall make an independent investigation to ascertain whether he has been legally convicted.

ID.—ROBBERY—SUPPORT OF VERDICTS—CORRECT CHARGE.—Though not required to examine the record, it is held from a careful inspection thereof that the verdict of conviction for robbery against each of the appellants is sustained by the evidence, and that the instructions in both cases fully, fairly, clearly and correctly covered every phase of each case, as disclosed by the charge and the evidence.

APPEALS from judgments of the Superior Court of Plumas County upon separate trials.   J. O. Moncur, Judge.

The facts are stated in the opinion of the court.

W. W. Kellogg, and J. D. McLaughlin, for Appellants.

U. S. Webb, Attorney General, and J. Charles Jones, Deputy Attorney General, for Respondent.

HART, J.—The defendants above named were jointly charged, by information, filed by the district attorney of Plumas county, with the crime of robbery.   They were given separate trials, and each was convicted of the crime charged in the information.

Each of the defendants appeals from the judgment under the method prescribed by section 1247 of the Penal Code, and, as one of the grounds of the appeal in each cause is

the alleged insufficiency of the evidence to justify the verdict, the court below ordered, upon the application of the defendants, all the testimony in each case to be transcribed by the phonographic reporter, and said testimony, therefore, constitutes a part of the record on appeal in each case.

But counsel for the appellants have not filed a brief or points and authorities in either case. The transcript in each case was filed in this court on October 28, 1911. Rule IV [160 Cal. xliii, 119 Pac. x] of the supreme court provides that, "in criminal cases, the appellant shall file his points and authorities (with proof of service of a copy thereof on the attorney general) within ten days after the filing of the transcript," and rule V [160 Cal. xlvi, 119 Pac. x] authorizes a dismissal of the appeal where the points and authorities are not so filed. The reason of the last-mentioned rule is that, since an appeal presupposes at least some debatable ground of complaint against the judgment and the manner of its procurement, it is the duty of the complaining party (the appellant) to point out the specific points upon which he seeks to support his appeal, and that it is not intended or contemplated that the reviewing court, unaided by appellant himself, shall make an independent investigation for the purpose of ascertaining whether he has been legally or illegally convicted of the offense charged against him. As is said in *People* v. *Perry,* 16 Cal. App. 771, [117 Pac. 1036], where the appellant likewise failed to file points and authorities, "this court is not required, in the absence of special assignments, in some form, of alleged error, to search the record for the purpose of determining whether the trial in the court below was in all respects conducted without prejudice to the substantial rights of the accused."

We have, however, notwithstanding the omission to file briefs in these cases, carefully read the testimony and examined the instructions in each case. The principal testimony upon which the verdicts are founded came from the prosecuting witness. It involves a direct statement that the defendants went to the room of the prosecuting witness shortly after the latter had retired for the night and, while one held a pistol over him, the other abstracted the sum of ninety dollars in gold from a pocket in the shirt in which he retired and which was on his body at the time of the robbery. This

testimony is sufficient to support the verdict returned in each of the cases.

The instructions given in both cases fully, fairly, clearly and correctly covered every phase of each case as disclosed by the charge and the evidence.

For the reasons stated in the foregoing the appeal in both cases will have to be dismissed.

It is therefore ordered that the appeal in the case of *People* v. *Mario* (No. 171) be dismissed, and that the appeal in the case of *People* v. *Mario* (No. 172) be dismissed.

Chipman, P. J., and Burnett, J., concurred.