[Crim. No. 196.   Third Appellate District.—February 19, 1913.]

## THE PEOPLE, Respondent, v. WALTER FLAVIN and GEORGE ARMSTRONG, Appellants.

CRIMINAL LAW—COMPETENCY OF JURORS—PREJUDICE.—The statement of a juror in a grand larceny case that he will hold it against the defendants if they do not testify and that the circumstance of their being prosecuted excites in his mind some suspicion of their guilt, does not show him incompetent, if he further asserts that he will be governed by the law and will start in with the presumption of innocence and require the prosecution to prove the guilt of the defendants beyond a reasonable doubt.

ID.—OPINION OF JUROR AS TO MERITS OF CASE.—The statement of a juror in a grand larceny case that he has read of the case in the papers, talked about it and formed an opinion as to the guilt of the defendant, does not show him incompetent, if it further appears that he has not talked with any of the witnesses, that the discussions have been in a casual way, "merely of public rumor," with people who knew no more of the case than he, and that he will not consider the circumstance at all if sworn as a juror but will "go solely by the evidence and the instructions."

ID.—JUDGMENT—TIME FOR PRONOUNCING—SECTION 1191 OF PENAL CODE.—Where the verdict in a grand larceny case is rendered on the sixteenth of the month, and the court fixes the twentieth as the date for pronouncing judgment, but on that day continues the case until the thirty-first to hear a motion for a new trial, the court does not thereby lose jurisdiction to pronounce judgment, particularly if both dates were appointed at the request of the defendant.   This is a substantial compliance with section 1191 of the Penal Code, providing that after a plea or verdict of guilty, "the court must appoint a time for pronouncing judgment, which much not be less than two, nor more than five days after the verdict or plea of guilty; provided, however, that the court may extend the time not more than ten days for the purpose of hearing or determining any motion for a new trial, or in arrest of judgment."

APPEAL from a judgment of the Superior Court of San Joaquin County.   C. W. Norton, Judge.

The facts are stated in the opinion of the court and in the opinion in *People* v. *Carroll,* 20 Cal. App. 41.

Carroll Cook, and A. L. Levinsky, for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondents.

BURNETT, J.—The appellants, with one John C. Carroll, were jointly charged with grand larceny. Carroll was tried separately, and appellants, by consent, together. A full statement of the facts is found in *People* v. *Carroll,* 20 Cal. App. 41, [128 Pac. 4], and also a complete answer to the contention of appellants that the evidence was insufficient to support a conviction for grand larceny, as the evidence for the people at the two trials was substantially the same.

Appellants complain of the ruling of the court in denying their challenge for cause of certain persons examined to serve as jurors.

One of these was John O. Derr and the point is that he declared that he would hold it against defendants if they did not testify and also that the circumstance of their having been charged with a crime and of being prosecuted by the district attorney excited in his mind some suspicion of their guilt. His answers, however, were such as might be expected from any layman. When his attention was called to the law on the subject he asserted that he would be governed by it and that he would start in with the presumption of innocence and require the prosecution to prove the guilt of defendants beyond a reasonable doubt before he would vote for conviction. The fact is that the venireman appears to have been unusually intelligent and to have answered the questions more frankly than is customary and the whole examination creates the impression that he would have been a fair and impartial juror.

The answers of D. A. Aldrich to questions propounded by counsel for appellants would rather indicate a condition of mind militating against a fair trial, but, after an explanation of the law bearing upon the matter, his responses to the inquiries of the court and of the district attorney justified the ruling in denying the challenge. He declared: "I would be willing to follow the rules of the law and the instructions of the court" and that he would and could "look at the testimony the prosecution presents here and judge the guilt or innocence of the defendant entirely upon the evidence admitted by the court."

Of course, the trial judge was in a much better position than this court to determine the condition of the mind of

Mr. Aldrich and we cannot say that his decision was unwarranted.

These two were afterward excused on peremptory challenge.

The objection to the juror, J. H. Owens, as we view it, is without merit. In reference to the case he stated: "I think I have talked something about it; read it in the papers and I have discussed it" and that he had formed an opinion as to the guilt of the defendants, but upon further examination, it appeared that he did not talk with any of the witnesses in the case, that the discussions had been in a casual way, "merely of public rumor," with people who knew no more about the case than he did, that he would not consider the circumstance at all if sworn as a juror but would "go solely by the evidence and the instructions of the court." His answers justified the court in making application of the saving clause in section 1075 of the Penal Code.

It is also claimed that by reason of delay the court lost jurisdiction to pronounce judgment and that, under the statute, appellants were entitled to a new trial.

As to this reliance is had upon *Rankin* v. *Superior Court,* 157 Cal. 190, [106 Pac. 719], wherein, referring to section 1191 of the Penal Code, it is said: "The effect of this section is that the court has no authority to fix the time for pronouncing judgment for a day later than five days after the verdict; that if a motion for new trial or in arrest of judgment is made, the court may, for the purpose of deciding the same, extend the time for ten days."

Herein there was a motion for a new trial, hence the court was authorized to extend the time for pronouncing judgment fifteen days after verdict. That seems to be just what the court did. The verdict was rendered May 16, 1912, and fifteen days thereafter, to wit, on May 31, the judgment was pronounced.

The record shows that "on request of counsel for the defendants the court fixed Monday, May 20, 1912, at two o'clock P. M. as the time for pronouncing judgment on said defendants"; that at said time the defendants moved for a new trial and "at the request of counsel for the defendants and by consent of the district attorney the court fixed Friday, May 31, 1912, at 9:30 o'clock A. M. for the defendants to prepare and file affidavits in support of their motion

for a new trial and for the argument of the same and for pronouncing judgment on said defendants.''

It is true that the first order set the time for pronouncing the judgment four days after the verdict was rendered and the second order continued it till eleven days thereafter, yet we think this was in substantial compliance with the requirement of said section 1191. The section provides that, after a plea or verdict of guilty, ''the court must appoint a time for pronouncing judgment which must not be less than two, nor more than five days after the verdict or plea of guilty; provided, however, that the court may extend the time not more than ten days for the purpose of hearing or determining any motion for a new trial or in arrest of judgment.'' The maximum limit is therefore fifteen days and it does not seem to be a matter of jurisdiction whether it is divided into two periods of five and ten days or two periods of four and eleven days, respectively.

Both of said dates, it is to be observed, were appointed on request of appellants, and while this circumstance could not, of course, confer jurisdiction if otherwise none existed, it is not to be ignored, where appellants have suffered no injury and they are insisting upon a mere technical construction of the statute in order that they may reap an advantage from the supposed error into which they enticed the court.

We think there is no prejudicial error in the record and the order and judgment are affirmed.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 19, 1913.