[Crim. No. 262.   Third Appellate District.—October 31, 1914.]

# THE PEOPLE, Respondent, v. OTTO CREITSER, Appellant.

CRIMINAL LAW—RAPE—CRIME AGAINST FEMALE UNDER THE AGE OF CONSENT.—On an appeal from a judgment of conviction and from an order denying a new trial in a prosecution for rape alleged to have been committed upon a female under the age of consent, where there has been no record of the testimony or any briefs filed in the appellate court, and no appearance on behalf of the defendant when the cause was regularly called on the calendar, the court is justified in ordering the appeals dismissed.

ID.—LACK OF ERROR.—It is held in this case that, from a careful examination of the record, nothing therein can be discovered which would warrant sustaining any of the appeals.

ID.—PRONOUNCEMENT OF JUDGMENT—WHEN WITHIN TIME.—In this case the trial was called on November 12, 1913, and the same was then proceeded with, but before completing the jury panel the defendant withdrew his plea of not guilty theretofore interposed and entered a plea of guilty to the charge alleged in the information, and the court thereupon fixed November 15, 1913, as the time for pronouncing the judgment of sentence; thereafter the court continued the matter of sentencing the defendant from time to time until the period elapsing between the day upon which he pleaded guilty and the day upon which sentence was finally pronounced comprehended over one hundred days; subsequently the defendant withdrew his plea of guilty and asked that his case be set down for trial; the matter of fixing a date for the trial was continued until February 24, 1914, at which time the defendant again entered a plea of guilty to the information, and declared to the court that he desired to dispense with any further services of his attorney, and waived time for the passing of sentence, whereupon the court immediately pronounced judgment. *Held,* that while the court in the first instance exceeded its authority by postponing the matter of passing sentence beyond the time limited by section 1191 of the Penal Code, that point cannot be urged by the defendant in view of his subsequent withdrawal of his plea of guilty and second entry of such plea and waiver of time for pronouncing judgment.

APPEAL from a judgment of the Superior Court of Del Norte County and from an order refusing a new trial, and all orders made after judgment.   John L. Childs, Judge.

The facts are stated in the opinion of the court.

E. M. Frost, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

HART, J.—The defendant pleaded guilty, in the superior court of Del Norte County, to an information charging him with the crime of rape upon a female under the age of consent, May Bartol by name—a name by no means unfamiliar to this court, its possessor having been the victim of similar mistreatment to that charged against the defendant by four other parties, who were convicted of the offense and who unavailingly appealed their cases to this court. (See *People* v. *Bartol,* 24 Cal. App. 659, [142 Pac. 510] ; *People* v. *Hoosier,* 24 Cal. App. 746, [142 Pac. 514] ; *People* v. *Horn, ante,* p. 583, [144 Pac. 641] ; *People* v. *Taggart, ante,* p. 628, [144 Pac. 1197], the opinion in which was filed in this court on October 27, 1914.)

The present appeal is from the judgment and the order denying the defendant a new trial, "and from each and every order of said superior court made after pronouncing judgment in the above entitled cause."

There has been no record of the testimony filed in this court, nor are there any briefs on file herein. There was no appearance in behalf of the defendant when the cause was regularly called on the calendar at the last regular term of the court, and the attorney-general, therefore, submitted the case on the record, such as it is, now before us. Under these circumstances, we would be justified in ordering the appeals herein dismissed. (Rule V, Supreme Court, 160 Cal. xlvi, [119 Pac. x] ; *People* v. *Perry,* 16 Cal. App. 772, [117 Pac. 1036].) But the record is brief and, therefore, while not deemed necessary, we have gone to the trouble of examining it carefully, and have discovered nothing therein which would warrant us in sustaining any of the appeals, if, indeed, it may be said that any has been properly taken.

It appears that the defendant's case was called for trial on November 12, 1913, and the same was then proceeded with. Before completing the jury panel the defendant withdrew his plea of not guilty theretofore interposed and entered a plea of guilty to the charge alleged in the information. The court thereupon fixed Saturday, November 15, 1913, as the time for

pronouncing the judgment of sentence. Thereafter the court continued the matter of sentencing the defendant from time to time until the period elapsing between the day upon which he pleaded guilty and the day upon which sentence was finally pronounced comprehended over one hundred days.

It appears from the affidavit of counsel for the defendant that, after entering a plea of guilty and after the several postponements by the court of the time for passing sentence, as above explained, the defendant withdrew his plea of guilty and asked that his case be set down for trial. The matter of fixing a date for the trial of the case was continued until February 24, 1914, at which time the defendant again entered a plea of guilty to the information, and declared to the court that he desired to dispense with any further services of his attorney. The defendant, upon entering his plea of guilty at said time, waived time for the passing of sentence, and the court thereupon and immediately pronounced its judgment.

Thus we have presented all the important facts disclosed by the record of this case as filed in this court.

Although, as stated, no brief was filed or oral argument presented on behalf of the defendant, we may assume that the point upon which the defendant claims the right to a reversal is that (so he might claim) the sentence having been pronounced long after the time within which the law provides that such act shall be performed (Pen. Code, sec. 1191), the court lost the right or the legal authority to pronounce sentence or judgment at all. That section provides that after a plea or verdict of guilty, the court must appoint a time for pronouncing judgment, ''which must not be less than two, nor more than five days after the verdict or plea of guilty; provided, however, that the court may extend the time not more than ten days for the purpose of hearing or determining any motion for a new trial, or in arrest of judgment; and provided further, that the court may extend the time not more than twenty days in any case where the question of probation is considered, in accordance with section twelve hundred and three of this code. If, in the opinion of the court, there is a reasonable ground for believing a defendant insane, the court may extend the time of pronouncing sentence until the question of insanity has been heard and determined, as provided in chapter six, title ten, part two of this code.''

Referring to said section, the supreme court, in *Rankin* v. *Superior Court,* 157 Cal. 189, 191, [106 Pac. 718], says: "The effect of this section is that the court has no authority to fix the time for pronouncing judgment for a day later than five days after the verdict; that, if a motion for a new trial or in arrest of judgment is made, the court may, for the purpose of deciding the same, extend the time for ten days, and that, where the question of probation is considered, the court may, for that purpose, extend the time twenty days. These two provisions for extension of time are not cumulative and the latest date to which the court is authorized to extend the time for rendering judgment, where present insanity is not involved, is a day not more than twenty-five days after the date of the return of the verdict." (See, also, *People* v. *Flavin,* 21 Cal. App. 244, 246, [131 Pac. 321].)

But, assuming that there is a legal appeal here, it is readily obvious that, while the court in the first instance exceeded its authority by postponing the matter of passing sentence beyond the time expressly limited by the statute, that point cannot now be urged by the defendant, since it appears, as we have shown, that he withdrew his plea of guilty after the matter of pronouncing judgment had been postponed from one date to another until the statutory period had been passed, and that, after so withdrawing said plea, he again entered a plea of guilty, waived time for the pronouncing of judgment, and the court thereupon and at once pronounced its judgment of sentence. The court, therefore, in passing sentence was obviously within the time limit prescribed by the statute for pronouncing judgment upon what seems to have been at that time the only plea to the information before it.

The judgment and all the orders appealed from are affirmed.

Chipman, P. J., and Burnett, J., concurred.