[Crim. No. 303.    Third Appellate District.—July 21, 1915.]

## THE PEOPLE, Respondent, v. CHARLES LEE ALLISON, Appellant.

CRIMINAL LAW—APPEALS—FAILURE TO FILE BRIEF—DISMISSAL.—In a criminal case where the defendant has not filed his points and authorities on appeal, as provided by rule II of the supreme court, and made no appearance by attorney or otherwise when the case was regularly called for hearing and argument, his appeal will be dismissed under rule V of the supreme court.

ID.—REASON FOR RULE.—The reason for said rule is that, since an appeal pre-supposes some debatable ground of complaint against the verdict and the manner of its procurement, it is the duty of the complaining party (the appellant) to point out the specific points upon which he seeks to support his appeal, and that it is not intended or contemplated that the reviewing court, unaided by appellant himself, shall make an independent investigation for the purpose of ascertaining whether he has been legally or illegally convicted of the offense charged against him.

APPEAL from a judgment of the Superior Court of Shasta County and from an order denying a new trial. James G. Estep, Judge.

The facts are stated in the opinion of the court.

M. G. Gill, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

THE COURT.—The defendant was, by information filed in the superior court of Shasta County by the district attorney thereof, charged with the crime of murder, and was convicted by the jury of the crime of manslaughter.

This is an appeal by him from both the judgment and the order denying his motion for a new trial.

The transcript of the testimony was filed in this court on the fifteenth day of March, 1915; but the defendant has not filed points and authorities and made no appearance by attorney or otherwise when the cause was regularly called for hearing and argument. The attorney-general, therefore, submitted the cause upon the record.

Rule II of the supreme court (160 Cal. xliii [119 Pac. x]) provides that, "in criminal cases, the appellant shall file his points and authorities (with proof of service of a copy thereof on the attorney-general) within ten days after the filing of the transcript," and rule V (160 Cal. xlvi [119 Pac. x]) authorizes a dismissal of the appeal where such points and authorities are not so filed. "The reason of the last mentioned rule is that, since an appeal presupposes at least some debatable ground of complaint against the verdict and the manner of its procurement, it is the duty of the complaining party (the appellant) to point out the specific points upon which he seeks to support his appeal, and that it is not intended or contemplated that the reviewing court, unaided by appellant himself, shall make an independent investigation for the purpose of ascertaining whether he has been legally or illegally convicted of the offense charged against him." (*People* v. *Mario,* 18 Cal. App. 70, [122 Pac. 76]; see, also, *People* v. *Perry,* 16 Cal. App. 771, [117 Pac. 1036].)

We may remark, however, that, although not required under the circumstances present herein to examine the record, we have taken the pains to read the testimony and the court's instructions, and thus have been persuaded to the conviction that the verdict is amply supported and the law applicable to the case correctly declared.

The appeals are dismissed.