. (No. 13394.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE PILEWSKI, Plaintiff in Error.

*Opinion filed October 23, 1920—Rehearing denied Dec. 10, 1920.*

1. CRIMINAL LAW—*when mistake in name of deceased in indictment for murder may be cured by stipulation.* The absence of an accusation in the form prescribed by the constitution or statute can not be cured so as to confer jurisdiction and validate a conviction by consent, waiver or estoppel on the part of the accused or by stipulation of his counsel, but a mistake in an indictment for murder in spelling the name of the deceased will be cured where there is a stipulation that the accused will take no advantage of the error and it is admitted that the person described in the indictment was the person killed.

2. SAME—*a defendant can admit away any part of his case.* As an accused can expressly admit away his whole case by pleading guilty, he can admit away any part of it.

3. SAME—*when instruction does not take from the jury their right to judge the law.* An instruction that "it is the duty of the jury to find and determine the facts of the case from the evidence, and, having done so, to apply to such facts the law as stated in these instructions," does not take from the jury their right to judge the law.

4. SAME—*when delay in rendering final judgment does not deprive court of jurisdiction.* A delay of ten months after the entry

of a motion for new trial before final judgment and sentence is rendered does not deprive the court of jurisdiction, where all that is disclosed by the record is that the cause was continued from time to time on the motion for a new trial.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

RUSH B. JOHNSON, ELWYN E. LONG, and CHARLES P. R. MACAULAY, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and GEORGE C. DIXON, (EDWARD E. WILSON, and GEORGE C. BLISS, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

April 16, 1919, plaintiff in error was found guilty of manslaughter, in the criminal court of Cook county, under an indictment charging him with the murder of William Tiemlling, and February 16, 1920, he was sentenced to the penitentiary. This writ of error is prosecuted to reverse the judgment for the following reasons: (1) There is a fatal variance between the indictment and the proof; (2) the prosecuting attorney was guilty of prejudicial misconduct; (3) there was error in the instructions given the jury on behalf of the People; and (4) the court lost jurisdiction by delaying sentence.

When the case was called for trial the assistant State's attorney who was conducting the prosecution called to the attention of the court and the counsel for the defense an error in the spelling of the name of deceased. The correct spelling of the name of deceased was T-r-e-m-e-l-l-i-n-g, and in the indictment the name was spelled T-i-e-m-l-l-i-n-g. After some discussion it was agreed between the parties that *Tiemlling* meant *Tremelling* and that the plaintiff in error would take no advantage of the error in the spelling of the name of the deceased. In other words, it was

admitted by plaintiff in error that the party named in the indictment as the party killed was, in fact, the party killed.

Plaintiff in error contends that under the decision in *People* v. *Smith,* 258 Ill. 502, the variance between the indictment and the proof was fatal. It is contended that the stipulation amounted to an amendment of the indictment, and many authorities are cited to sustain the contention that an indictment cannot be amended, by consent or otherwise. It is true that the absence of an accusation in the form prescribed by the constitution or statute cannot be cured so as to confer jurisdiction and validate a conviction by consent, waiver or estoppel on the part of the accused· or by stipulation on the part of his counsel. (22 Cyc. 173.) We do not agree, however, with counsel's contention that this stipulation amounted to an amendment of the indictment. The indictment was sufficient ·and would have supported a judgment on a plea of guilty. The only question presented is, Does the proof conform to the charge? If the proof identifies the party killed as the party named in the indictment there is no variance. (*Shepherd* v. *People,* 72 Ill. 480; *Little* v. *People,* 157 id. 153; *Bonardo* v. *People,* 182 id. 411; *People* v. *Reilly,* 257 id. 538.) It is true, the testimony of witnesses showed that the name of the deceased was *Tremelling* and the indictment alleged deceased to be *Tiemlling,* but plaintiff in error admitted that the two names referred to one and the. same person and that the party killed was the party named in the indictment. The law is now well established in this State that since the accused can expressly admit away his whole case by pleading guilty he can admit away any part of it. *People* v. *Scates,* 3 Scam. 351; *Perteet* v. *People,* 70 Ill. 171; *People* v. *Schultz-Knighten,* 277 id. 238.

This killing occurred about midnight of November 11, 1918, as the result of a drunken brawl growing out of an unwise celebration of the signing of the armistice. During the course of the trial the prosecuting attorney was

guilty of misconduct by persisting in attempting to show ·that deceased raised a flag at his home at three o'clock in the morning, which was several hours before the alleged killing. The prosecuting attorney also persisted, after the court had sustained objections of plaintiff in error, in attempting to show that deceased was married and the father of a child, and that the accused had become intoxicated and had been involved in other saloon fights earlier in the evening. The conduct of the prosecuting attorney was improper, and if it appeared from an examination of the whole record that it might have influenced the verdict of the jury such misconduct would be reversible error. In this case, however, the guilt of plaintiff in error is established by two eye-witnesses to the assault and by convincing corroborative evidence. There is no serious contention that the plaintiff in error did not commit the assault that resulted in the death of Tremelling, and so we hold that the misconduct of the prosecuting attorney was not reversible error.

In admonishing the jury to confine themselves to the issues involved the court said, among other things, in one of the instructions given on behalf of the People: "It is the duty of the jury to find and determine the facts of this case from the evidence, and, having done so, to apply to such facts the law as stated in these instructions." It is contended that this instruction takes from the jury their right to judge the law, but this contention cannot be sustained. ·*Juretich* v. *People,* 223 Ill. 484; *People* v. *Mirabella,* 294 id. 246.

It is further contended that the court erred in giving instructions to the jury defining and discussing the crime of manslaughter, because, it is contended, there is no evidence justifying a verdict of manslaughter. The proof showed that deceased left the saloon of Frank Keebeck, at 8501 Buffalo avenue, between twelve and one o'clock on the morning of November 12, and that at about 1:15 o'clock he was found lying dead in a parkway between the side-

walk and the street. His face was bruised and swollen, his eyes discolored and his jaw and skull fractured. About fifteen minutes later plaintiff in error was arrested at his home, a few doors away from the place where the body was found. He was intoxicated and had blood on his shirt and hands. Keebeck testified that a few minutes after deceased left his saloon he recognized the voice of the plaintiff in error and heard him saying, "I will kill you." He went to the side door of his saloon and saw deceased lying on the sidewalk and plaintiff in error striking him with his fists. In reply to his question, "What are you doing? Killing that man?" plaintiff in error said, "I want to kill him because he was watching me all the time." A police officer testified that plaintiff in error told him that when he left Keebeck's saloon a man struck him a blow in the face, and that he struck the man with his fist and the man fell down. From the foregoing testimony, and that of Helen Adamczyk, another eye-witness to the assault, it is clear that the court properly instructed the jury on the subject of manslaughter.

After the verdict a motion for new trial was filed and the cause continued from time to time. Judgment was pronounced ten months after the verdict was rendered. The record does not disclose the reason for this delay, and we must presume that the court did its duty and therefore that the delay was justified. Early disposition should be made of criminal cases, and it is difficult to understand why a delay of ten months is justified. Where, as in *People* v. *Barrett,* 202 Ill. 287, it appears from the record that the accused, after conviction, was released on his own recognizance and the prosecution was otherwise abandoned, the court will be deprived of jurisdiction to pronounce sentence. The record does not show any such condition in this case, and in the absence of any showing we must hold that the court did not lose jurisdiction by the delay.

Finding no reversible error in the record the judgment of the criminal court is affirmed.       *Judgment affirmed.*