(No. 14028.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, vs. WILLIAM PENN, Plaintiff in Error.

*Opinion filed April 19, 1922.*

1. CRIMINAL LAW—*the State's attorney must see that record of criminal case is complete.* It is the duty of the State's attorney to see that the record in a criminal case filed in the Supreme Court speaks the truth, and if there are any orders that were in fact entered which are omitted from the record he must supply them.

2. SAME—*the probation officer must make prompt investigation.* Before an application for admission to probation can be granted the court must require the probation officer to investigate accurately and promptly the facts which the Probation act requires to be reported, and ordinarily such investigation should not require more than a week.

3. SAME—*probation is granted only for reformation of the petitioner and in the interests of society.* Whether release on probation shall be granted always rests in the discretion of the court, but before the court has the right to grant the request it must be satisfied that there is reasonable ground to expect that the petitioner may be reformed and also that the interests of society will be subserved, and satisfaction on only one of these points will not suffice.

4. SAME—*in granting probation, the cause cannot be continued for more than one year.* All orders granting or refusing release on probation must be entered of record, and if the application is granted the court shall continue the cause for a definite period, not, in any event, exceeding one year, and it shall by the order granting release on probation specify the terms of the probation.

5. SAME—*sentence must be entered at the term conviction is had unless cause is properly continued.* Where a defendant pleads guilty or is convicted it is the duty of the court to pronounce judgment promptly at the term at which the conviction is had, unless upon a motion for a new trial, in arrest of judgment or for other cause the case is continued for further adjudication, and if sentence is indefinitely suspended the court loses jurisdiction and a judgment subsequently entered is void.

6. SAME—*court cannot release defendant prior to sentence except under Probation act.* Except as provided in the probation act

the court has no power to permit a defendant who pleads guilty or is convicted to go at large prior to sentence, with the understanding that he may escape punishment altogether or that his subsequent conduct may affect the matter.

7. SAME—*when delay in report of probation officer is presumed to be justified.* Where the record does not show why the report of the probation officer was not filed promptly it is presumed that the delay was justified, as the court and its officers are presumed to have done their duty.

8. SAME—*objection to delay in pronouncing sentence may be waived by defendant.* Where the conduct of the accused shows that he has waived any delay in pronouncing sentence he cannot maintain that the court lost jurisdiction to impose sentence at a later or subsequent term.

9. SAME—*when applicant for probation is estopped to question jurisdiction to pronounce sentence at subsequent term.* A defendant who pleads guilty and applies for release on probation is estopped to question the jurisdiction of the court because of the delay in filing the report of the probation officer, where the final sentence is not entered until after the defendant has made several motions for continuance and has again applied for probation and where he fails to show that he has suffered any damage by reason of the delay.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

I. R. WASSON, (A. JACOBSON, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ERNEST J. GALBRAITH, State's Attorney, ALBERT D. RODENBERG, WILLIAM LISTER, WILLIAM C. CLAUSEN, and REN L. THURMAN, for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

May 14, 1920, plaintiff in error was indicted by the grand jury of the circuit court of Peoria county, the first six counts of the indictment charging him with burglary

of a store, the seventh and eighth counts charging him with burglary and larceny, and the ninth and tenth counts charging him with receiving as stolen property sixty pairs of shoes of the value of $750. Four days later he was arrested on a *capias,* brought into court, furnished with a copy of the indictment, on which was endorsed a list of witnesses, and with a list of jurors of the panel then serving. On arraignment he pleaded guilty to the charge of receiving stolen property, and the court found the value of the property received to be $200 and found plaintiff in error to be sixteen years of age. The record does not show that the court explained to the plaintiff in error the consequences of entering a plea of guilty. The only order appearing in the record after the judgment finding plaintiff in error guilty is the following: "And now, upon application of said defendant to be placed on probation, and the court not now being sufficiently advised in the premises, doth refer this matter to the adult probation officer of this county for investigation." There is no order remanding plaintiff in error to the custody of the sheriff and no order releasing him on bail or otherwise. It is the duty of the State's attorney to see that the record in a criminal case filed in this court speaks the truth, and if there are any orders that were in fact entered which are omitted from the record filed it is his duty to supply the parts of the record omitted. July 12, 1920, the May term of the circuit court was adjourned but no report of the probation officer appears in the record. The September term of the circuit court opened and closed without a report. Whether plaintiff in error was confined in jail during all of this time or whether he was at large does not appear from the record, but both parties agree in their briefs that he was at large. So far as the record shows the sheriff had no authority to release him, and so plaintiff in error was, in effect, an escaped prisoner. When the petition of plaintiff in error was referred to the probation officer for investi-

gation and report Augustus Hurff was adult probation offi-
cer for Peoria county. January 3, 1921, Maud L. Albrecht
filed a report, in which she styled herself adult probation
officer. In her report she recited that plaintiff in error was
placed on probation May 18, 1920, and recited that the con-
ditions of his probation were the conditions then required
by the Probation act. She charged that plaintiff in error
had violated these conditions, and recommended that his
probation be revoked and terminated. Plaintiff in error
was not, in fact, placed on probation. There is nothing in
the record to show how this confusion arose, but it is ac-
counted for by a statement in the brief of defendant in
error that Hurff became seriously ill in May, 1920, and
that his illness continued until he died, in September, and
that his successor was appointed in October. Whatever
may have been the reason for the delay in filing the report
requested by the court May 18, 1920, and however plaintiff
in error may have secured his release from the custody of
the sheriff, the fact remains that he was at large and that
the adult probation officer had him entered on her record
as a probationer and considered that he was in her custody.
Pursuant to the report filed by the probation officer a bench
warrant was issued on the last day of the November term,
and plaintiff in error was subsequently arrested and brought
into court January 10, 1921, which was the first day of the
term. On that day certain proceedings took place, but it
is difficult to tell just what happened. There is inserted in
the record what purports to be a page cut from a book in
which orders are entered when persons are released on pro-
bation. There is much printing on the page and certain
blanks are filled in with a typewriter. As it appears in the
record the page is a mass of words thrown together in such
careless fashion that it is unintelligible, but from what took
place before and after this date we conclude that the cause
was continued, on motion of plaintiff in error, for five days
to await the report of the adult probation officer on his ap-

plication for probation, and that he was released on bail in the sum of $1000, with Richard Kreiger as surety. No action was taken January 15, but on the 26th the cause came on for hearing on the report of the adult probation officer and the court entered an order denying the application. The record shows that plaintiff in error was re-arraigned on this day, and he entered his plea of guilty to all the charges contained in the indictment and stated that his age was nineteen years. The court fully explained to accused the consequences of entering such a plea, and with a full understanding of the effects thereof he persisted in his plea, and it was duly entered. Neither plaintiff in error nor his counsel saying anything further why sentence should not be pronounced, he was committed to the Illinois State Reformatory at Pontiac, there to be confined until discharged pursuant to law. February 5 plaintiff in error filed his petition, supported by affidavit, asking that his plea of guilty be set aside and that he be permitted to enter a plea of not guilty. February 10 plaintiff in error with his counsel, and the State's attorney, appeared in court and pursuant to an agreement between the parties the court ordered that the order of January 26, 1921, be vacated and held for naught, and upon application of plaintiff in error to be placed on probation the court again referred the application to the adult probation officer for investigation and report. Four days later the cause was continued, on the motion of plaintiff in error, to February 21, 1921. On the last mentioned date the cause was again continued, on the motion of plaintiff in error, to the next term of court. The March term of court opened March 14, 1921, and on April 11 following, a third bench warrant was issued for the arrest of plaintiff in error and he was brought before the court and the application for release on probation was denied. The record shows that plaintiff in error was again arraigned and that he re-entered his plea of guilty to all the charges contained in the indictment. The court fully

explained to him the consequences of his plea of guilty, and with a full understanding of the effects of said plea he persisted in his plea, and the court entered judgment accordingly. Neither plaintiff in error nor his counsel saying anything further why sentence should not be pronounced, the court found plaintiff in error to be nineteen years of age and sentenced him for an indeterminate period in the State reformatory. This writ of error is prosecuted to review that judgment.

We have heretofore discussed at some length the Probation act and the duty and power of the court under its provisions, (*People* v. *Cahill,* 300 Ill. 279,) and it is unnecessary to repeat here what we said in that case. It is sufficient for the purposes of this case to say that the court must require the probation officer to investigate accurately and promptly the case of the petitioner before it can grant any request for admission to probation. In his investigation the probation officer must ascertain the residence and occupation of the petitioner and must learn whether he has been previously convicted of a crime or misdemeanor or has previously been placed on probation by any court. A court should, in addition, require information concerning the personal characteristics, habits and associations of the petitioner, the names, relationship, ages and conditions of those dependent upon him for support and education, and such other facts as may aid the court as well in determining the propriety of probation as in fixing the conditions thereof. The statute not only requires that this investigation shall be accurate and complete, but it requires that it shall be promptly made. Most cases can be accurately investigated within forty-eight hours, and it will be a rare case that will require more than a week for investigation. All orders granting or refusing release on probation must be entered of record. Whether release on probation shall be granted always rests in the discretion of the court, but before the court has the right to grant the request it must

be satisfied that there is reasonable ground to expect that
the petitioner may be reformed and that the interests of
society will be subserved.    Satisfaction on one of these
points will not suffice.    The court must be satisfied by the
report of the probation officer and by other evidence that
both grounds for release on probation are present.    If the
application is granted the court shall continue the cause for
a definite period, not, in any event, exceeding one year, and
it shall by the order granting release on probation specify
the terms and conditions of the probation.

Plaintiff in error contends that the court lost jurisdiction of this cause by delaying sentence.    The effective administration of criminal law requires that one who pleads
guilty or is convicted of a violation of the law shall be
promptly and certainly punished, and no court has authority
to suspend sentence indefinitely in such case.    It is the duty
of the court to pronounce judgment promptly at the term
at which the conviction is had, unless upon a motion for
a new trial, in arrest of judgment or for other cause the
case is continued for further adjudication, and the defendant by recognizance or being held in custody is still required
to answer the charge.    If sentence is indefinitely suspended
the court loses jurisdiction, and a judgment subsequently
entered is void.    (*People* v. *Allen,* 155 Ill. 61; *People* v.
*Barrett,* 202 id. 287; *People* v. *Leinecke,* 290 id. 560.)    Before the enactment of the Probation law a trial court had
no discretion, as a disciplinary measure, to suspend the
imposition of sentence but it was under an absolute duty
to pronounce sentence promptly, and that duty was violated
whenever an order was made the purpose and natural effect of which was that the defendant should understand
that he might never be punished.    There is an obvious and
important difference between the mere delay to pronounce
sentence and its suspension in the sense in which the expression was used in the cases above cited.    Whether a postponement is rightful depends not upon its length or definite-

ness, nor upon whether it extends beyond the term, but upon its purpose and character. Whenever, prior to sentence, the accused is permitted to go at large with the understanding that he may escape punishment altogether notwithstanding a verdict or plea of guilty and that his subsequent conduct may affect the matter, the court is really exercising a power of probation or parole which does not belong to the court except as it is granted in the Probation act. In the instant case plaintiff in error filed his petition requesting that he be released on probation, and the court, in accordance with the mandate of the statute, referred the petition to the probation officer for investigation and report. The delay occasioned by this investigation was at the request of plaintiff in error. As we have said, the record does not show why the report was not filed promptly, but the court and its officers are presumed to have done their duty and it is presumed that the delay was justified. (*People* v. *Pilewski,* 295 Ill. 58.) Plaintiff in error made no objection to the delay and he does not show that he was damaged in any way by it. He had a right to have a prompt disposition made of his petition for release on probation, but it is well established by the decisions of this and other courts that he may waive his rights by his conduct. (*People* v. *Pilewski, supra; People* v. *Weinstein,* 298 Ill. 264.) He was at large, whether lawfully or unlawfully, and he had the benefit of his freedom as though his application for probation had been acted upon favorably. The question of loss of jurisdiction by delay in pronouncing sentence has been considered by the courts of other jurisdictions, and it has been held that where the conduct of the accused shows that he has waived any delay in pronouncing sentence he cannot maintain that the court lost jurisdiction to impose sentence at a later or subsequent term. (Annotation—Effect of Delay in Imposing Sentence, 3 A. L. R. 1003, 1020; *City of Lawrence* v. *Kagi,* (Kan.) 185 Pac. 60; *People* v. *Creitser,* (Cal.) 145 Pac. 109; *People* v. *Everhardt,* 104 N. Y. 591, 11 N. E. 62.)

An absolute want of jurisdiction of the subject matter or cause of action cannot be waived, nor can the doctrine of estoppel be invoked to confer jurisdiction on a tribunal which has not jurisdiction of the subject matter, but where the court has general jurisdiction of the subject matter a lack of jurisdiction of the particular case may be waived by failure to make timely and specific objections, or an invocation of and submission to the jurisdiction may raise an estoppel to deny such jurisdiction. (15 Corpus Juris, 844; *Kerr* v. *Burns,* 42 Colo. 285, 93 Pac. 1120; *Dinet* v. *Eigenmann,* 96 Ill. 39; *Knapp, Stout & Co.* v. *McCaffrey,* 178 id. 107.) Whatever may be said of the effect of the delay in pronouncing sentence, plaintiff in error invoked the jurisdiction of the court in January, February, March and April, 1921, by filing his motions for continuance of the cause and by filing his petitions for release on probation and by filing his motion to set aside his plea of guilty, and he is estopped to challenge the court's jurisdiction of him and the cause after having taken the benefit of its jurisdiction on his motions. The court had the right, by virtue of the provisions of the Probation act, to suspend sentence for a definite period, or to continue the cause for sentence for an unfixed period in order that it might inform itself with respect to the petition for release on probation, and all that can be said here is that this right was irregularly exercised. Plaintiff in error has not shown that he has suffered any damage by reason of the delay, and his contention that the court lost jurisdiction cannot be sustained.

Plaintiff in error also urges that the court erred in refusing to rule on his motion to set aside his plea of guilty. As we have said, this motion, and the affidavit in support of it, are copied into the record, but plaintiff in error secured no ruling on the motion and the question is not saved for review by exception or otherwise. Furthermore, he is not in a position to complain, for the reason that the judgment

of January 26 was set aside by agreement subsequent to the filing of his motion on February 5 and no doubt by reason of it. April 11, more than two months after the order of January 26 was set aside, plaintiff in error was again arraigned and again entered his plea of guilty, and it was on this plea of guilty that he was finally sentenced. He contends that it is not true that he re-entered his plea of guilty, but the record which he has filed in this court shows that he did, and it shows that the plea was fully explained to him before it was received by the court. This is all that the record is required to show, (*People* v. *Harney,* 276 Ill. 236,) and so his second contention cannot be sustained.

We have examined all the errors urged in the briefs of plaintiff in error and conclude that he has failed to show that he has been prejudiced by any of the irregularities appearing in the record. In *People* v. *Allen, supra,* and *People* v. *Barrett, supra,* the record showed that Allen and Boenert were released from custody without bail and that the prosecution of them was abandoned by the People. In this case the record not only fails to show that the prosecution of plaintiff in error was abandoned, but it shows affirmatively that the officers of the court were as actively supervising the conduct of plaintiff in error as though he had been regularly released on probation, and that they caused plaintiff in error to be re-arrested and brought before the court for conduct which they considered to be a violation of the terms of probation required by the statute and that they actively prosecuted this cause to final judgment.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*