NO. 4-06-0021    Filed 1/9/07

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| CHARLES J. ANDERSON, | ) | No. 01CF369 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | James R. Coryell, |
| | ) | Judge Presiding. |

_____

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In March 2001, the State charged defendant, Charles J. Anderson, with burglary (720 ILCS 5/19-1(a) (West 2000)).  In May 2002, the trial court granted defendant's request to participate in counseling under the Drug Court Treatment Act (730 ILCS 166/1 through 35 (West 2002)) in exchange for (1) defendant's jury-trial waiver and (2) his stipulation to the evidence that could be considered at a bench trial on the burglary charge in the event he was unsuccessfully dismissed from the Act's drug-treatment program.

In December 2005, the trial court found that defendant had violated the terms of the drug-treatment program and ordered him removed from it.  The court then took judicial notice of defendant's earlier waiver and stipulation and ultimately sentenced him to 14 years in prison for burglary.

Defendant appeals, arguing that (1) the trial court erred by removing him from the drug-treatment program because it had no jurisdiction to do so and (2) he is entitled to an additional two days' credit against his sentence. Because we agree only with defendant's second argument, we affirm as modified and remand with directions.

I. BACKGROUND

As earlier stated, in May 2002, defendant was accepted into the drug-treatment program in exchange for his jury-trial waiver and his stipulation to the evidence that would be considered at a bench trial in the event he was unsuccessfully dismissed from the drug-treatment program. That written stipulation of evidence made clear that defendant committed the March 2001 burglary with which the State had charged him.

To participate in the drug-treatment program, defendant was also required to sign a Macon County drug-court-participant agreement (hereinafter the agreement). The agreement was 3 1/2 pages long and imposed multiple requirements upon defendant, such as his participation in drug-treatment sessions. The agreement provided, in pertinent part, as follows:

"1. I agree to participate in the [d]rug [c]ourt [p]rogram for a period of up to 24 months, during which time the charges pending against me in this cause will be held

- 2 -

in abeyance pending successful completion of the program.

2. I understand that upon successful completion of the [d]rug [c]ourt [p]rogram that this case will be dismissed, and I will not be prosecuted for the offenses alleged herein.

3. I hereby waive my right to a preliminary hearing, my right to a speedy trial, my right to a trial by jury, and my right to confront and cross[-]examine the witnesses against me. I have executed a [s]tipulation of [e]vidence in this case[,] pursuant to which I agree that all police reports, forensic reports, and all other reports relevant to the charge(s) filed in my case are admissible as evidence against me at trial.

***

5. I agree to obey all laws, and to abstain from the use of controlled substances, cannabis, or alcohol.

* * *

14. I understand that I may be unsuccessfully terminated from the [d]rug [c]ourt

[p]rogram if:

    A.  I fail to comply with any of the conditions of the [d]rug [c]ourt [p]rogram;

    B.  I commit any criminal offense;

    C.  I request unsuccessful termination from the program.

    ***

    16.  I understand that upon unsuccessful termination from the [d]rug [c]ourt [p]rogram this cause will proceed to immediate trial by the [c]ourt.  I understand that the aforementioned [s]tipulation of [e]vidence will constitute the evidence received by the [c]ourt at trial."

Prior to defendant's signing the agreement, the trial court explained its provisions to him in open court.  The court also admonished defendant pursuant to Supreme Court Rule 402(a) (177 Ill. 2d R. 402(a)).  After defendant indicated he understood and agreed, the court accepted and entered defendant's agreement and stipulation of evidence.

In January 2003, the trial court's docket entry revealed, without any further explanation, that the cause was reallotted for a bench trial the following week.  At that later

hearing, the court summarily dismissed defendant from the drug-treatment program, reviewed the May 2002 stipulation, and indicated that it contained a sufficient factual basis to support a conviction for burglary.  In March 2003, the court sentenced defendant to 14 years in prison on the original burglary charge.

Defendant appealed, arguing, in part, that his rights to due process were violated when he was not afforded a hearing prior to being dismissed from the drug-treatment program.  This court agreed and reversed and remanded.  People v. Anderson, 358 Ill. App. 3d 1108, 1116, 833 N.E.2d 390, 396 (2005).

On remand in September 2005, the State filed a motion to terminate defendant from the drug-treatment program.  In December 2005, after conducting several evidentiary hearings, the trial court found that defendant had violated the program's conditions by committing a theft in January 2003.  The court ordered that defendant be "revoked" from the drug-treatment program.

At a sentencing hearing later in December 2005, the trial court considered the presentence investigation report (PSI), which showed, in pertinent part, that (1) defendant's first burglary conviction occurred in 1955, (2) since that time, he had 10 more burglary convictions, and (3) he had 2 convictions for escaping from a penal institution and numerous theft convictions.  After considering the evidence, the PSI, and counsel's

arguments, the court sentenced defendant to 14 years in prison for burglary and awarded him 1,399 days of credit for time previously served in jail or prison.

This appeal followed.

## II. ANALYSIS

### A. Defendant's Claim That the Trial Court Lacked Jurisdiction To Terminate His Participation in the Drug-Treatment Program and Sentence Him to Prison

Defendant first argues that because his participation in the drug-treatment program was for a period of two years that ended on May 17, 2004, the trial court had no authority in December 2005 to revoke his participation in that program and sentence him to prison. Specifically, he contends that because the State did not file a petition to terminate his participation in the drug-treatment program until September 2005, the State had taken no action to toll the two-year duration of the drug-treatment program. In making this argument, defendant seeks to draw a parallel to section 5-6-4(a) of the Unified Code of Corrections (730 ILCS 5/5-6-4(a) (West 2002)), dealing with the revocation of probation, which provides the following:

"Personal service of the petition for violation of probation or the issuance of such warrant, summons[,] or notice shall toll the period of probation *** until the final determination of the charge, and the term of

probation *** shall not run until the hearing
and disposition of the petition for viola-
tion."
We are unpersuaded.

A critical problem with defendant's contention is that the Act, unlike the Unified Code, contains no language setting forth how long a defendant's participation in the drug-treatment program shall be. In contrast, section 5-6-2(b) of the Unified Code (730 ILCS 5/5-6-2(b) (West 2002)) explicitly sets forth how long a defendant's period of probation shall be--providing, for example, that the period of probation for a Class 2 felony (like burglary) shall not exceed four years (730 ILCS 5/5-6-2(b)(1) (West 2002)). No need exists for the Act to contain a provision to toll the length of a defendant's participation in a drug-treatment program because no statutory time limit for such participation exists.

Defendant concedes that the drug-treatment program differs from probation in that probation is a sentence, while participation in the drug-treatment program is preadjudicatory, as this court noted in Anderson, 358 Ill. App. 3d at 1112-13, 833 N.E.2d at 393-94. That difference may account for why the legislature has not seen fit to be as explicit and demanding regarding a defendant's participation in a drug-treatment program under the Act as the legislature has been regarding sentences of

probation and conditional discharge, which occupy all of article 6 of the Unified Code.  See 730 ILCS 5/5-6-1 through 5-6-4.1 (West 2002).

In any event, the agreement defendant signed contained no <u>absolute</u> deadline of 24 months.  Instead, it provided that defendant would participate "for a period of up to 24 months, during which time the charges pending against [him] in this cause will be held in abeyance <u>pending</u> <u>successful</u> <u>completion</u> <u>of</u> <u>the</u> <u>program</u>."  (Emphasis added.)  No provision of the Act nor any other provision of law barred the State from resurrecting defendant's dormant burglary charge after the initial 24 months of defendant's participation in that program.

Further, we are particularly disinclined to impose such a bar under the circumstances of this case, where the State's September 2005 motion to terminate defendant from the program was based upon his alleged commission of a January 2003 residential burglary and theft, which defendant was clearly informed about at defendant's September 2003 sentencing hearing.  Testimony was presented at that hearing concerning those charges.  Even though this court later reversed and remanded, the evidence presented at that hearing certainly put defendant on notice both of the State's position and that what the State was alleging constituted the basis for revoking defendant's participation in the drug-treatment program.  In fact, the same evidence was presented

- 8 -

again at the evidentiary hearings the trial court conducted in response to the State's September 2005 motion to terminate defendant from the drug-treatment program. Thus, even if the tolling provisions of section 5-6-4(a) of the Unified Code applied to defendant's case, the State's only failure here was a technical one--that is, not filing an earlier motion to terminate defendant from the drug-treatment program, thereby putting him on notice (which the record shows he had anyway).

### B. Defendant's Claim That He Is Entitled to Additional Credit for Time Served

Defendant also argues that he is entitled to two additional days' credit for time served prior to his December 2005 sentencing. He claims that the record shows that he is entitled to 1,401 days of credit, yet the trial court credited him with only 1,399 days. The State concedes this argument, and we accept the State's concession. We thus remand with instructions that the court amend the sentencing order to reflect two additional days of credit.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's judgment as modified and remand with directions to amend the sentencing order as indicated.

Affirmed as modified; cause remanded with directions.

KNECHT and TURNER, JJ., concur.

- 9 -