2022 IL App (3d) 210038

Opinion filed September 15, 2022

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Tazewell County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) ) | Appeal No. 3-21-0038 Circuit No. 18-CF-210 |
| TERRY W. HOLCOMB, | ) ) | Honorable Katherine S. Gorman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Justices Holdridge and Peterson concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Terry W. Holcomb, appeals his convictions and sentences for unlawful possession of methamphetamine with intent to deliver and unlawful possession of methamphetamine precursor. Defendant entered a negotiated guilty plea that allowed him to participate in the drug court program, but provided that if he failed to successfully complete the program he would be sentenced to prison. Defendant was subsequently dismissed from the drug court program and sentenced to concurrent terms of 12 years' imprisonment per his plea agreement. He argues that his sentences are void and that he was not properly admonished pursuant to Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). Although his sentences are not void, we

remand the cause in order for defendant to be properly admonished and given the opportunity to file a postplea motion under Illinois Supreme Court Rule 604(d) (eff. July 1, 2017).

¶ 2                                                    I. BACKGROUND

¶ 3     The State charged defendant with unlawful possession of methamphetamine with intent to deliver (720 ILCS 646/55(a)(1) (West 2018)) and unlawful possession of methamphetamine precursor (*id.* § 20(a)(1)). On March 27, 2019, defendant pled guilty to both charges pursuant to a negotiated plea. In exchange for the plea, the State advised the court that it was "asking that the Court stay sentencing and allow the Defendant to go into the Tazewell County Drug Court program." The State further noted that the parties had come to an agreed sentence of concurrent terms of 12 years' imprisonment, but if defendant successfully completed the drug court program, the 12-year sentences would not be imposed. It also explained that if defendant failed to complete the drug court program, he would be sentenced to the agreed 12 years' imprisonment.

¶ 4     The court noted that, "before I sentence [defendant] or stay sentencing," it was admonishing him of his rights. The court advised defendant it was going to sentence him to 12 years' imprisonment but the sentence would be stayed in lieu of him participating in the drug court program. After further admonishing defendant, the court found the plea to be voluntary and concurred with the plea agreement. It stated, "I will enter judgment, but I'll stay any further sentencing pending your participation and hopeful successful completion of the Drug Court program." The court did not provide Rule 605(c) admonishments at that time.

¶ 5     A written form order from that date documents the court's acceptance of the plea and provides that the court was entering judgment on the plea and convicting defendant. It further provides that defendant was sentenced to 12 years' imprisonment, but execution of the order was

"stayed until further order" and "defendant is admitted to Drug Court." The form order did not indicate that defendant was informed of his appeal rights.

¶ 6        Another written order, entered at that time, addressing defendant's participation in the drug court program indicated that he would enter the program "[p]ending sentencing." It sets forth various conditions and advises that failure to comply with those conditions may result in termination from the drug court program and sentencing on the offenses. The order contains a statement that "[b]y agreement of the parties, the defendant's sentencing will be continued pending the outcome of the defendant's treatment." Defendant signed the order, indicating he agreed to the rules set forth in the order.

¶ 7        Thereafter, defendant appeared for regular drug court status reviews, and the court imposed various sanctions due to incidents occurring during his participation in the program. In June 2020, the State filed a petition seeking to terminate defendant's participation in the drug court program and have him sentenced in accordance with the plea agreement. It filed an amended petition in September 2020. Defendant admitted to the violations alleged in the State's amended petition, and the matter proceeded to a sentencing hearing wherein the court was to determine whether defendant should continue in the drug court program and, if not, sentence him.

¶ 8        At the hearing in December 2020, the court determined that defendant would not be allowed to continue to participate in the drug court program. Despite defense counsel's request for a sentence of 6 years' imprisonment, the court sentenced defendant to the previously agreed concurrent terms of 12 years' imprisonment. Thereafter, the court admonished defendant:

            "Though you voluntarily entered an admission, you still have the right to appeal.
            Prior to taking an appeal you must first file in the trial court within 30 days of the
            date on which the sentence is imposed a written motion asking to have the trial

3

court reconsider the sentence or have the judgment vacated and for leave to withdraw the admission, setting forth the reasons or grounds for the motion.

If the motion is allowed, the sentence will be modified or the admission, sentence, and judgment will be vacated and a hearing date would be set. Upon request of the State, any charges may be reinstated.

If you're indigent, a copy of the transcript of the proceedings at the time of your admission will be provided without cost to you and counsel will be appointed to assist you with the preparation of the motion.

In any appeal taken from the judgment on the plea and/or admission, any issue or claim of error not raised in the motion to reconsider the sentence or vacate the judgment shall be deemed waived."

The court entered the written judgment and sentence on that date. The written order indicated it shall be executed without delay and provided that defendant was informed of his appeal rights. Defendant did not file a motion to withdraw his guilty plea. Defendant appeals.

¶ 9                                    II. ANALYSIS

¶ 10        Defendant raises various interrelated arguments on appeal. Foremost, defendant argues that his sentence is void because it is a hybrid sentence that was stayed for an indefinite period of time. Further, defendant argues that he was never provided proper admonishments under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001) as to when he needed to move to withdraw his guilty plea such that he should not be penalized for failing to file a timely motion to withdraw his plea. In support, he notes that he was not provided any admonishments regarding his appeal rights at the time he entered his plea, and it was unclear whether the 30-day time limit to file the motion to withdraw ran from the date he pled guilty or from the date he was discharged from the drug

4

court program. Additionally, defendant argues that the combination of the indefinite stay of his sentence and lack of admonishments deprived the circuit court of jurisdiction to impose the 12-year prison sentences.

¶ 11    The State argues that this court lacks jurisdiction to hear the appeal because defendant failed to file a motion to withdraw his guilty plea as required by Illinois Supreme Court Rule 604(d) (eff. July 1, 2017). Additionally, the State argues that defendant's sentence is not void and he was properly admonished.

¶ 12                                                  A. Jurisdiction

¶ 13    A defendant's failure to file a motion to withdraw guilty plea "does not deprive the appellate court of jurisdiction" but generally precludes the appellate court from considering the appeal on the merits, and it should be dismissed. *People v. Flowers*, 208 Ill. 2d 291, 301 (2003). However,

> "[i]f the trial court fails to give the admonishments set forth in Rule 605 and the defendant subsequently attempts to appeal without first filing the motions required by Rule 604(d), the appeal is not dismissed. Instead, the appropriate course is to remand the cause to the trial court for strict compliance with Rule 604(d)." *Id.*

Thus, this court has jurisdiction, and the matter is not dismissed because the circuit court failed to give defendant proper Rule 605(c) admonishments (see *infra* ¶¶ 18-21).

¶ 14                                                  B. Voidness

¶ 15    " '[A] party may challenge a judgment as being void at any time, either directly or collaterally, and the challenge is not subject to forfeiture or other procedural restraints.' " *People v. Castleberry*, 2015 IL 116916, ¶ 15 (quoting *LVNV Funding, LLC v. Trice*, 2015 IL 116129 ¶ 38). A judgment is void if it was entered by a court lacking jurisdiction or "was based on a statute that

is facially unconstitutional and void *ab initio*." *People v. Abdullah*, 2019 IL 123492, ¶ 13. Defendant does not argue that his convictions or sentences were based on a facially unconstitutional statute. Turning to jurisdiction, the court in *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 334 (2002), defined subject matter jurisdiction as "the power of a court to hear and determine cases of the general class to which the proceeding in question belongs" and determined this jurisdiction extends to all justiciable matters. Here, the court had subject matter jurisdiction, as it had the power to hear and determine criminal proceedings. See *Castleberry*, 2015 IL 116916, ¶ 18 (court's subject matter jurisdiction derives from article VI, section 9, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 9)). Additionally, the court had personal jurisdiction over defendant as he personally appeared before it. See *People v. Woodall*, 333 Ill. App. 3d 1146, 1156 (2002) ("A criminal defendant confers personal jurisdiction upon the trial court when he appears and joins the issues with a plea.").

¶ 16        Although defendant acknowledges that *Castleberry*, 2015 IL 116916, ¶ 19, abolished the void sentence rule, he argues that the circuit court in this matter lost jurisdiction because his sentence was indefinitely stayed. In doing so, he cites to *People v. Penn*, 302 Ill. 488, 494 (1922), for the proposition that "[i]f sentence is indefinitely suspended the court loses jurisdiction, and a judgment subsequently entered is void." Even if case law subsequent to *Penn* did not clearly set forth that the circuit court had jurisdiction (see *supra* ¶ 15), *Penn* would not lead to the conclusion that it lacked jurisdiction under the circumstances of this case. First, defendant does not delineate whether the court purportedly lost subject matter or personal jurisdiction. Additionally, defendant's sentence was not indefinitely suspended; rather, his sentencing was continued for an indeterminate amount of time while defendant participated in the drug court program. Last, *Penn* further provided that "[w]hether a postponement is rightful depends not upon its length or

6

definiteness, nor upon whether it extends beyond the term, but upon its purpose and character." *Penn*, 302 Ill. at 494-95. Here, the purpose of the postponement was to allow defendant to participate in the drug court program. The Drug Court Treatment Act specifically acknowledges that criminal proceedings may be suspended or stayed during participation. See, *e.g.*, 730 ILCS 166/35(a) (West 2018) (indicating that when a defendant is dismissed from the drug court program the court may reinstate criminal proceedings). Notably, defendant continued to regularly appear before the court during his participation in the drug court program. Based on the foregoing, defendant's convictions and sentences are not void.

¶ 17                             C. Rule 605(c) Admonishments

¶ 18        Rule 605(c) provides that following a negotiated guilty plea, "at the time of imposing sentence," the court must substantially advise defendant:

> "(1) that the defendant has a right to appeal;
>
> (2) that prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion;
>
> (3) that if the motion is allowed, the plea of guilty, sentence and judgment will be vacated and a trial date will be set on the charges to which the plea of guilty was made;
>
> (4) that upon the request of the State any charges that may have been dismissed as a part of a plea agreement will be reinstated and will also be set for trial;

(5) that if the defendant is indigent, a copy of the transcript of the proceedings at the time of the defendant's plea of guilty and sentence will be provided without cost to the defendant and counsel will be appointed to assist the defendant with the preparation of the motions; and

(6) that in any appeal taken from the judgment on the plea of guilty any issue or claim of error not raised in the motion to vacate the judgment and to withdraw the plea of guilty shall be deemed waived." Ill. S. Ct. R. 605(c) (eff. Oct. 1, 2001).

Additionally, Rule 604(d) requires that "[n]o appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). In cases, such as the instant one, where a defendant enters a negotiated guilty plea "Rule 605(c) is a necessary corollary to Rule 604(d) because Rule 605(c) mandates the trial judge to admonish defendant regarding the requirements of Rule 604(d)." See *People v. Dunn*, 342 Ill. App. 3d 872, 877 (2003).

¶ 19    In this matter, the sentence was not imposed on March 27, 2019, when defendant pled guilty. Rather, sentencing was continued pending defendant's participation in the drug court program and ultimately took place at the time defendant was dismissed from the program in December 2020. At that time, the court imposed the agreed to sentences of 12 years' imprisonment. Therefore, defendant was required to be admonished per Rule 605(c) when his 12-year sentences were imposed and the 30-day time limit in Rule 604(d) for filing a motion to withdraw guilty plea began.

¶ 20 We acknowledge that some language utilized by the circuit court was imprecise and indicates that the sentence was imposed at the time defendant pled guilty. Specifically, the written order entered following the guilty plea indicates that defendant was sentenced but the execution of that order was stayed. However, viewing that order in context with the transcript of the plea and the written drug court order, it becomes clear that the sentence was not imposed but instead sentencing was continued. Particularly, the State, when advising the court of the terms of the plea, explicitly requested that sentencing be stayed to allow defendant to enter the drug court program. Notably, whether the 12-year agreed sentences would ultimately be imposed or defendant's participation in the drug court program would be the extent of his sentence was contingent on defendant's successful completion of the drug court program, further indicating that the sentence was not imposed at the time defendant pled guilty. Additionally, the court orally noted that it was staying further sentencing pending defendant's participation in the drug court program. Importantly, the written order regarding defendant's participation in the drug court program provided that defendant was participating pending sentencing and that his sentencing was continued pending the outcome of his participation. The outcome of defendant's participation was decided in December 2020 when he was dismissed from the program. At that time, the court lifted the stay of the criminal proceedings, conducted the sentencing hearing, and imposed the previously agreed to sentence. See, *e.g.*, 730 ILCS 166/35(a) (West 2018) (providing that defendant could be terminated from the drug court program and the court "may reinstate criminal proceedings").

¶ 21 After imposing the sentence, the court proceeded to provide defendant his appeal rights according to Rule 605(c). However, the court's admonishments only referenced defendant's admission—which was to the violations of the drug court program—rather than defendant's guilty plea. This resulted in defendant not receiving proper Rule 605(c) admonishments, including the

9

admonishment that, as required by Rule 604(d), in order to appeal he must file a motion to withdraw his guilty plea. Because defendant was not properly admonished and attempted to appeal without filing the motion to withdraw his plea as required by Rule 604(d), "the appropriate course is to remand the cause to the trial court for strict compliance with Rule 604(d)." *Flowers*, 208 Ill. 2d at 301. Therefore, we remand the matter so defendant can be properly admonished under Rule 605(c) and given the opportunity to comply with the requirements of Rule 604(d) to file a motion to withdraw guilty plea, if he so chooses.

¶ 22                                    III. CONCLUSION

¶ 23        Based on the foregoing, we remand the cause to the circuit court of Tazewell County for compliance with Rule 605(c) and to allow defendant the opportunity to file a motion under Rule 604(d).

¶ 24        Remanded.

*People v. Holcomb*, 2022 IL App (3d) 210038

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Tazewell County, No. 18-CF-210; the Hon. Katherine S. Gorman, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Karalis, and Drew Charles Parsons, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Stewart J. Umholtz, State's Attorney, of Pekin (Patrick Delfino, Thomas D. Arado, and Jessica A. Theodoratos, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |