**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220309-U

Order filed December 7, 2023

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 18th Judicial Circuit, Du Page County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0309 Circuit No. 13-CF-672 |
| | ) | |
| SHARON A. ROWLETT, | ) ) | Honorable Margaret O'Connell, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court.
Justices McDade and Albrecht concurred in the judgment.

_____

**ORDER**

¶ 1      *Held*:   (1) The circuit court had jurisdiction to conduct drug court termination proceedings. (2) The termination proceedings did not violate defendant's right to due process.

¶ 2      Defendant, Sharon A. Rowlett, appeals her conviction for burglary. Defendant argues that (1) the Du Page County circuit court lacked jurisdiction to terminate defendant from drug court, and (2) the termination proceedings violated her right to due process. We affirm.

¶ 3                              I. BACKGROUND

¶ 4        On August 1, 2013, defendant submitted a signed jury waiver and entered into a "Du Page County Drug Court Program Plea Agreement." According to the plea agreement, defendant would plead guilty to burglary, the State would dismiss several charges, and defendant would remain on bond "with sentencing deferred until either the completion of or unsuccessful discharge from the program." The agreement continued, "[u]pon successful completion of the program" defendant would be "sentenced to 24 mo[nth]s probation, considered served." Defendant agreed that "[i]f the defendant has an outstanding warrant from Du Page County Drug Court for more than 90 days, the defendant will be terminated from the Program" and "[i]f the defendant is unsuccessfully terminated from the program for any reason, a Pre-Sentence Report will be ordered [and] the case shall proceed to immediate sentencing." Defendant also signed the "Du Page County Drug Court Program Contract," which stated that defendant agreed with all the conditions of the drug court program, including appearing on court dates. The court entered a written order finding defendant guilty of burglary, that defendant's plea was knowing and voluntary, and that a factual basis existed to support the plea. Additionally, the court ordered defendant's sentence to be "deferred pending [her] successful or unsuccessful completion of drug court" and orally admonished defendant that if she successfully completed drug court, she would "be sentenced to 24 months probation considered served." The court admonished defendant of the rights she waived by pleading guilty. The court did not admonish defendant of her appeal rights.

¶ 5        On August 8, 2013, the Du Page County jail released defendant on bond and ordered her to appear in court on a future date. The order also stated that "as a condition of bond defendant shall remain in treatment until further order of court." On November 4, 2013, defendant failed to appear, and the court issued a "Drug Court Bench Warrant." The court set the case for drug court

status on February 6, 2014, January 15, 2015, January 14, 2016, and January 12, 2017. Defendant did not appear on any of these dates. Instead, defendant appeared on May 8, 2022, for the first time since her release in August 2013.

¶ 6      On May 9, 2022, defense counsel made an oral motion to dismiss following the State's acknowledgment that it had not filed a "petition to revoke" defendant's drug court agreement. On May 10, 2022, the State filed a "Verified Petition for Termination/Discharge from the Drug Court Program." The State alleged that defendant's termination from the program was mandated due to defendant's outstanding warrant for more than 45 days. On May 11, 2022, the State argued that due to the predispositional nature of the agreement, it was permitted to file a petition to terminate. Defense counsel argued that the court did not have jurisdiction where the State failed to file a petition to revoke or terminate defendant from drug court within 90 days of her violation. The court denied defendant's motion to dismiss and transferred the case back to drug court. Defendant filed a motion to reconsider, which was denied.

¶ 7      On May 12, 2022, the matter proceeded to a hearing on the State's motion to terminate. The court granted the State's motion, ordered a presentence investigation report, and continued the matter for sentencing. Following a hearing, the court imposed a sentence of three years' imprisonment. Defendant appealed.

¶ 8                                   II. ANALYSIS

¶ 9      Defendant argues that (1) the circuit court lacked jurisdiction to terminate her from drug court, and (2) the termination proceedings violated her right to due process. Under the Drug Court Treatment Act (Act) (730 ILCS 166/1 *et seq.* (West 2022)), the drug court program is a special form of probation that facilitates an "intensive therapeutic treatment to *** assist participants with substance use disorders in making positive lifestyle changes and reducing the

3

rate of recidivism." *Id.* § 10. Drug court "is a form of conditional liberty ***. Each program requires the participant to comply with certain conditions or face the loss of the privilege. Revocation of that privilege may not be accomplished without inquiry." *People v. Anderson*, 358 Ill. App. 3d 1108, 1114 (2005). Due to the unique nature of a drug court program, criminal proceedings may be suspended or stayed during participation in the program and reinstated following a defendant's dismissal. See *id.*; see also, *e.g.*, 730 ILCS 166/35(a) (West 2022).

¶ 10        A defendant may be terminated unsuccessfully from a drug court program by violating the program requirements. 730 ILCS 166/35(a), (b) (West 2022). To terminate a participant from the program, the Act requires the court to inform defendant that her drug court probation "may be revoked and the defendant may be sentenced *** for the crime charged" if she fails to meet the conditions of the drug court program." *Id.* § 25(b). The Act also mandates that a defendant enter a written agreement to the terms and conditions of the program. *Id.* § 25(c).

> "No participant may be dismissed from the program unless, prior to dismissal, the participant is informed in writing:
>
> (1) of the reason or reasons for the dismissal;
>
> (2) the evidentiary basis supporting the reason or reasons for the dismissal; and
>
> (3) that the participant has a right to a hearing at which the participant may present evidence supporting the participant's continuation in the program." *Id.* § 35(a-20).

A participant considered for unsuccessful termination from a drug court program shall be afforded the same due process rights that are afforded to probationers and parolees in revocation hearings. See *Anderson*, 358 Ill. App. 3d at 1114-15.

4

¶ 11    The court must look at the evidence presented and determine whether a participant (1) has violated the conditions of the program, and (2) should be dismissed from the program. 730 ILCS 166/35(a-5) (West 2022). If the court finds that a participant has violated the terms and conditions of the program, the court may "dismiss[ ] the participant from the program, and *** reinstate criminal proceedings *** or proceed under *** a violation of probation, conditional discharge, or supervision hearing." *Id.* § 35(a).

¶ 12    At the outset, we find that defendant entered a preadjudicatory agreement. A " '[p]re-adjudicatory drug court program' *** allows the defendant *** to enter the drug court program before plea, conviction, *or* disposition and requires successful completion of the drug court program as part of the agreement." (Emphasis added.) *Id.* § 10. Here, defendant waived her right to a jury trial and signed an agreement pleading guilty in exchange for the State's dismissal of several charges. However, defendant's plea and "Drug Court Program Plea Agreement," do not preclude the "pre-adjudicatory" characterization of her agreement, as the court entered neither a conviction nor disposition. See *id.* This conclusion is supported by the repeated statements in the record that defendant's "24 mo[nth]s probation" sentence was "deferred until either the completion of or unsuccessful discharge from the program." In further support of the preadjudicatory nature of the agreement, the court placed defendant on bond and ordered her to comply with certain bond conditions. See 5 ILCS 70/1.43 (West 2022). Additionally, the court did not admonish defendant regarding her appeal rights at the time she entered the agreement, tending to show that a sentence had not yet been imposed. Therefore, defendant's drug court agreement was preadjudicatory.[1]

_____

[1]We note that at the time defendant entered her agreement, the Act defined "pre-adjudicatory drug court program" as "a program that allows the defendant, with the consent of the prosecution, to expedite the defendant's criminal case before conviction *or* before filing of a criminal case and requires successful completion of the drug court program as part of the agreement." (Emphasis added.) 730 ILCS 166/10

¶ 13        We find that the language used in the defendant's agreement put defendant on notice that the State would terminate her from the program if her warrant status were to exceed the 90-day time frame, and the court maintained jurisdiction to revoke her probation. *People v. Hayes*, 2022 IL App (2d) 210014, ¶ 30 (court maintained jurisdiction to terminate defendant from drug court because discharge from drug court is not equivalent to revocation of probation). Neither the language of the agreement nor the Act created a requirement that the State file a petition to terminate within 90 days following the issuance of defendant's warrant to maintain jurisdiction in the circuit court. See *People v. Anderson*, 369 Ill. App. 3d 972, 976 (2007) (stating that "[n]o provision of the Act nor any other provision of law barred the State from resurrecting defendant's dormant burglary charge after the initial 24 months of defendant's participation in the program"). The Act outlines a special drug court program that does not follow the same rules as a standard term of probation. See *People v. Holcomb*, 2022 IL App (3d) 210038, ¶ 16; see also *cf.* 730 ILCS 5/5-6-4(a)(1)-(3) (West 2022) (when a defendant has violated probation, the State must notify defendant of the violation, provide a summons for a hearing, and order a warrant for defendant's arrest, which "shall toll the period of probation"); see *cf.* 730 ILCS 5/5-4.5-30(d), 5-4.5-35, 5-4.5-40, 5-4.5-45 (West 2022) (no period of probation shall exceed four years for probationable offenses). The lack of a definitive time frame for defendant's drug court participation is a result of the special nature of the drug court program. See *Holcomb*, 2022 IL App (3d) 210038, ¶ 16.

¶ 14        A defendant is granted the benefit of the ability to successfully complete the program on her individual recovery timeline. See *id.*; see also 730 ILCS 166/10 (West 2022). Thus,

---

(West 2012). The change in the definition does not affect our analysis where, while defendant entered a plea and the State filed charges, the court did not enter a conviction.

defendant maintained some control over the length of her participation in the program. In this case, the length of defendant's pending agreement was due to her outstanding warrant. Given the special nature of the drug court program and defendant's actions to prolong her participation in the program, the State was not required to file a petition to toll the drug court program agreement for the court to maintain jurisdiction over defendant's proceedings. See *Hayes*, 2022 IL App (2d) 210014, ¶ 30; *Anderson*, 369 Ill. App. 3d at 976 (2007). *Cf. People v. Johnson*, 265 Ill. App. 3d 509, 511-12 (1994) (the State failed to toll defendant's standard probation by filing a petition to revoke probation prior to its expiration). Therefore, the court did not lose jurisdiction to terminate defendant's drug court agreement.

¶ 15 Moreover, when defendant entered the written agreement, the circuit court informed defendant that her drug court agreement may be revoked if she failed to comply with the terms. See 730 ILCS 166/25(b), (c) (West 2022). The agreement specified the terms and conditions of the program and the consequences for her failure to appear and subsequent warrant status. See *id.* § 25(c). Prior to defendant's unsuccessful discharge, the State served defendant with a "Verified Petition for Termination" from the drug court program, moving to dismiss defendant for her outstanding warrant that exceeded 90 days. See *id.* § 35(a-20). The court held a hearing on that motion, allowing defendant to present evidence to rebut the allegation and support her continued participation in the program. See *id.*; see also *Anderson*, 358 Ill. App. 3d at 1114-15. While defendant did not provide an argument or evidence supporting such a claim, the hearing allowed her the opportunity to do so. *Supra* ¶ 7. From the evidence presented, the court determined that defendant violated the terms of her agreement, dismissed defendant from the program, and reinstated criminal proceedings. See 730 ILCS 166/35(a) (West 2022). Accordingly, under the special circumstances of the drug court program, the requirements of due process have been met.

See *id.* § 35(a-5); see also *Anderson*, 358 Ill. App. 3d at 1114-15 ("[B]oth the interests of a defendant and the State are better protected only if the minimum requirements of due process are met, in the form of a hearing, prior to the revocation of or dismissal from participation in the drug-court program."). Therefore, the delay in filing the petition to terminate did not violate defendant's right to due process where the record shows the due process requirements were met by the State and the court.

¶ 16                              III. CONCLUSION

¶ 17          The judgment of the circuit court of Du Page County is affirmed.

¶ 18          Affirmed.